UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VINCENT LONG

                                PLAINTIFF,                 ORDER
                                                               16-CV-6531-EAW-MJP

vs.

MAJOR CHRISTOPHER LAIN, *et al.*,

                                DEFENDANT.
_____

      **Pedersen, M.J.** Following Plaintiff's complaints about his then-pro bono counsel, the Court held a conference with counsel and granted pro bono counsel's request to withdraw. Shortly after the conference, on August 4, 2020, the Court issued an Order denying Plaintiff's request to appoint new pro bono counsel. Now before the Court is Plaintiff's letter motion of August 6, 2020 (ECF No. 49), requesting that the Court reconsider it's Order denying new counsel. Plaintiff's stated reason for reconsideration is:

> The reason I need an attorney is shown by my last letter. Your Honor that letter was not intended to be taken as mean or nasty. Can[']t remember how you put it. Like texting no emotion. I am very much not politically correct. I had an attorney tell me once I believe you and I understand what you want to say[.]Please he said let me do the talking, because you will not come across the way you think you will. Long story short. People don't understand me…
>
> So please your Honor I really need help communicating with the court. I need an appointed attorney.

(Letter from Vincent Long (Aug. 3, 2020) to the Court 1, ECF No. 49.)

      On a motion made under Federal Rule of Civil Procedure 60, the Court "may relieve a party … from a final judgment, order, or proceeding for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). However, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Management Systems Inc. Secs. Litig.,* 113 F. Supp. 613, 614 (S.D.N.Y.2000)).

Plaintiff's application does not provide a basis for reconsideration. Therefore, the Court denies his letter motion (ECF No. 49) seeking reconsideration of the Court's prior decision denying the appointment of pro bono counsel Plaintiff will proceed with the case *pro se.*

SO ORDERED.

Dated:  September 4, 2020
       Rochester, New York

                                                     _____
                                                     Mark W. Pedersen
                                                     United States Magistrate Judge