UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VINCENT S. LONG,

            Plaintiff,

v.

MAJOR CHRISTOPHER LAIN, (retired),
MAJOR MATTHEW WHITMORE, CAPTAIN
CHRISTOPHER HAND, SHERIFF JOE
ORDWAY, (retired), SHERIFF DAVID COLE,
SERGEANT JUSTIN MILLS, and COUNTY OF
STEUBEN,

            Defendants.
_____

**DECISION AND ORDER**

6:16-CV-06531 EAW

## BACKGROUND

*Pro se* plaintiff Vincent S. Long ("Plaintiff") commenced this action nearly seven years ago, on July 29, 2016. (Dkt. 1). Throughout the course of this litigation, the Court has assigned three attorneys to represent Plaintiff *pro bono*. (*See* Dkt. 19; Dkt. 20; Dkt. 38). Plaintiff's dissatisfaction with *pro bono* counsel is the reason he is currently representing himself. (*See* Dkt. 48).

Discovery in this matter closed on May 6, 2022, and dispositive motions were due by June 30, 2022. (Dkt. 68). No dispositive motions were filed by that deadline, nor was any request for an extension of that deadline made, and the Court scheduled a trial date status conference for January 11, 2023. (Dkt. 70). At the request of defense counsel, the trial date status conference was subsequently rescheduled for January 13, 2023. (Dkt. 72).

The Court's Order rescheduling the trial date status conference advised, "<u>*Pro se* plaintiff and all attorneys who will try the case are required to attend in person and be prepared to set a trial date</u>." (*Id*. (emphasis in original)).  The Court's Order was mailed to Plaintiff at his address of record in Rochester, New York.  (*Id*.).

Plaintiff did not appear on January 13, 2023, as ordered, nor did he contact the Court in any fashion to advise that he would be unable to attend.  (*See* Dkt. 73).  At the trial date status conference, defense counsel advised the Court that he had not had any contact from Plaintiff in approximately one year.

On January 13, 2023, the Court issued an Order to Show Cause requiring Plaintiff to show cause, in writing, by no later than February 13, 2023, why the case should not be dismissed pursuant to Local Rule of Civil Procedure 41(b)[1] for failure to comply with the Court's directives or to prosecute.  (Dkt. 74).  The Order to Show Cause warned Plaintiff that "<u>failure to respond to this Order to Show Cause may result in the dismissal of this action</u>." (*Id*. at 2 (emphasis in original)).  The Order to Show Cause was mailed to Plaintiff at his address of record in Rochester, New York.  (*Id*.).

---

[1]  Local Rule of Civil Procedure 41(b) provides: "If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute. The parties shall respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed. They need not appear in person. No explanations communicated in person, over the telephone, or by letter shall be accepted. If the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires."

Plaintiff did not respond to the Order to Show Cause in any fashion by February 13, 2023. Accordingly, on February 17, 2023, the Court issued an Order dismissing the action with prejudice pursuant to Local Rule of Civil Procedure 41(b). (Dkt. 75). Judgment was entered on February 21, 2023. (Dkt. 76).

On March 1, 2023, Plaintiff filed a notice of appeal. (Dkt. 77). Then, on March 8, 2023, the Court received in the mail a letter response to the Order to Show Cause. (Dkt. 79). This response is dated January 19, 2023. (*Id*. at 1). However, the envelope in which it arrived is postmarked March 6, 2023. (*Id*. at 2). In this response, Plaintiff claims that he has been "very sick with cancer issues" and "not staying at home," and thus "did not receive the letter from the Court about the change to the 13th until Sat the 14th[.]" (*Id*. at 1).

Considering Plaintiff's self-represented status, the Court construed Plaintiff's untimely response to the Order to Show Cause as a request to reopen the matter and ordered Defendants to file a response. (Dkt. 80). Defendants filed their response on March 23, 2023. (Dkt. 81).

On April 24, 2023, Plaintiff sent to the Court a copy of a sworn affidavit apparently submitted to the Second Circuit in connection with his appeal, in which he misstates the procedural history of this matter. (Dkt. 82). In particular, Plaintiff claims in this affidavit to have mailed the Court a letter in response to the Order to Show Cause in January of 2023. (*Id*. at ¶ 13). Plaintiff then asserts that the Court dismissed the matter because he replied to the Order to Show Cause via letter and not by sworn statement, and further claims that he was "not made aware of" the requirements of Local Rule 41(b). (*Id*. at ¶¶ 14-15).

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) allows the Court to re-open a final judgment for five enumerated reasons, or for "any other reason that justifies relief." The decision whether to grant a Rule 60(b) motion is "committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quotation omitted). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (quotations and citations omitted). "*Pro se* litigants are not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Skinner v. Chapman*, 680 F. Supp. 2d 470, 479 (W.D.N.Y. 2010) (citation omitted), *aff'd*, 412 F. App'x 387 (2d Cir. 2011).

Here, Plaintiff has not demonstrated that relief from the Court's final judgment is warranted. In his untimely response to the Court's Order to Show Cause, Plaintiff asserts that he was "very sick with cancer issues" and "not staying at home" and thus did not timely receive the Order rescheduling the trial date status conference for January 13, 2023. Plaintiff submitted no evidence to corroborate his assertion that he was ill during the relevant time period. He also concedes, in the sworn affidavit he submitted to the Second Circuit, that he received the Court's Order setting the original trial date status conference for January 11, 2023; yet he did not appear on that date, nor did he reach out to the Court to inquire as to whether that appearance had been rescheduled in response to defense counsel's request (which he also concedes to having received).

Moreover, the Court is deeply troubled by Plaintiff's attempt to distort the record in his affidavit. Plaintiff claims to have sent his letter to the Court in January of 2023. However, the Court's records clearly demonstrate that this letter—which by all appearances is the original and not a copy—was not postmarked until March 6, 2023, <u>after</u> the Court had entered its dismissal Order. (Dkt. 79 at 2). Further, Plaintiff's assertion that the Court dismissed the action because he replied to the Order to Show Cause via letter rather than sworn statement is simply untrue. The Court's dismissal Order states explicitly that Plaintiff had not, as of the date of entry, responded to the Order to Show Cause "in any fashion." (Dkt. 75). Plaintiff's attempt to manipulate the record to create the appearance that his action was dismissed on a technicality, as opposed to his disregard of multiple court orders, calls into question the reliability of all his representations to this Court.

Plaintiff also has not shown good cause for having failed to timely respond to the Court's Order to Show Cause. To the contrary, as discussed above, he fails to acknowledge the untimeliness of his response, and instead has claimed without any corroboration—and in the face of clear evidence to the contrary—that his response was timely. This assertion lacks credibility and cannot support the request sought by Plaintiff.

Finally, Plaintiff has not addressed the matter of the hardship that would be caused to Defendants were the matter to be re-opened. The Court notes that its calendar is quite congested, and that it has scheduled several trials since January 13, 2023. In other words, Plaintiffs' failure to attend the trial date status conference and subsequent failure to timely respond to the Court's Order to Show Cause had significant consequences in terms of when this matter could potentially be scheduled for trial.

- 6 -

## **CONCLUSION**

On the record before it, the Court finds no basis to re-open the matter under Rule 60(b). Plaintiff's request for such relief is denied. To the extent the Court is without jurisdiction as a result of Plaintiff's filing of a notice of appeal, the Court issues this Decision and Order pursuant to Federal Rule of Civil Procedure 62.1(a)(2). *See id.* ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion[.]").

SO ORDERED.

_____
ELIZABETH A. WOLFORD
~~Chief Judge~~
United States District Court

Dated: July 24, 2023
        Rochester, New York